UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-CR-477(LMP/JFD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S CONSOLIDATED |
| v. | ) | RESPONSE TO DEFENDANTS' |
| | ) | PRETRIAL MOTIONS |
| 1. OLUWADAMILOLA BAMIGBOYE | ) | |
| 2. REKEYA LIONESHA FRAZIER, | ) | |
| | ) | |
| Defendants. | | |

COMES NOW the United States of America, by and through its undersigned attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Bradley M. Endicott, Assistant United States Attorney, and responds to the pretrial motions filed by the defendants.

I. Statement of Facts

On December 16, 2025, a grand jury returned an Indictment charging the defendants with Aiding and Abetting Resisting and Impeding a Federal Officer (Count 1) in violation of 18 U.S.C. §§ 111(a)(1) and 2. Doc. 18.  On December 10, 2025, Homeland Security Investigations agents attempted to arrest Bamigboye, a Nigerian national, because he had overstayed a student visa. Two Agents approached Bamigboye and his girlfriend, Frazier, in the parking lot of Bamigboye's apartment complex as the two defendants stood outside their parked vehicle. After they identified themselves as HSI agents, Bamigboye jumped into the back seat of the vehicle and commanded Frazier to drive. Frazier entered the driver's seat, while one HSI agent attempted to pull Bamigboye out of the right-rear seat,

and a second HSI agent entered the front-passenger seat in an attempt to stop Frazier from driving away. As Frazier began driving, the HSI agent in the back let go of Bamigboye, but the HSI agent in the front-passenger seat remained in the vehicle as it drove out of the parking lot with the passenger-side door open until the vehicle accelerated, closing the door shut.

The agent in Frazier's vehicle attempted to put the vehicle in park, but Frazier knocked his hand away. At one point the agent drew his firearm and ordered Frazier to stop, but she continued to drive the vehicle, all the while being chased by other agents with lights and sirens on. When the vehicle eventually stopped near the Plymouth Police Station, Bamigboye fled the vehicle into a nearby grocery store, where he was ultimately arrested. Police also took Frazier into custody. During a Mirandized recorded interview, Bamigboye admitted that he tried to push the HSI agent out of the car and admitted that he saw Frazier and the agent wrestle over the gear shifter.

Both defendants have filed a number of pretrial motions, which are addressed below.

## II.  Response to Motions

### A.  Frazier's Motion For Discovery of Expert Under Rule 16(a)(1)(G) [Doc. 47]

The government will fully comply with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure.  At the present time, the government does not anticipate calling any expert witnesses.  If that changes, the government will provide the defense with the names of these experts and their proposed testimony within three weeks of trial.

B.  Frazier's Motion For Grand Jury Transcripts [Doc. 48]

The government will produce the grand jury transcript of any witness it intends to call at the motions hearing or at trial, but objects to producing the transcript in advance of the witness's testimony. Notwithstanding the above, the United States will provide the defense with all Jencks Act materials no later than three business days prior to trial.

C.  Frazier's Motion for Bill of Particulars (Doc. 49); Frazier's Motion To Dismiss For Failure to State an Offense (Doc. 50); Bamigboye's Motion to Dismiss or For a Bill of Particulars (Doc. 52)

The United States does not object to providing a Bill of Particulars in this particular instance and will do so before the motions hearing.

D.  Frazier's Motion To Suppress Evidence And Dismiss the Indictment (Doc. 51)

The United States objects to this motion. As alleged in the Indictment, Frazier aided and abetted the assault and actively interfered with the lawful arrest of her co-defendant. Frazier fled from law enforcement, aided her co-defendant in attempting to evade arrest, forcibly prevented the agent inside the vehicle from stopping the car, and unlawfully carried the agent away while the agent was inside the vehicle. Accordingly, the facts and circumstances at the time were more than sufficient to establish probable cause to arrest the defendant. Absent a specific factual showing that would call that determination into question, no evidentiary hearing is warranted on this issue.

Frazier also moves to dismiss the Indictment and suppress the squad-car and body-worn camera recordings based on what she characterizes as shocking conduct. This motion has no basis in law or fact. The Eighth Circuit has held that dismissal for "outrageous government misconduct" is an extraordinary remedy that is only appropriate only when

government conduct shocks the conscience. *United States v. King*, 351 F.3d 859, 867 (8th Cir. 2003); *United States v. Boone*, 437 F.3d 829, 841 (8th Cir. 2006). The defendant's claims do not remotely meet this high standard. Nor is there any basis to suppress the recordings, as the defendant has identified no Fourth Amendment violation that would warrant exclusion of this evidence.

E.  Bamigboye's Motion to Suppress Statements and Evidence (Doc. 53)

In this motion, Bamigboye argues that his arrest violated the Fourth Amendment and that his subsequent interview with law enforcement violated *Miranda*. The United States respectfully opposes both arguments.

As for the arrest itself, the agents did not subject Bamigboye to a random investigatory stop. Rather, they approached him in a public parking lot acting on pre-existing information about his identity and immigration violation. When agents approached Bamigboye in a public parking lot to conduct a field inquiry, he immediately resisted and then attempted to flee with his co-defendant. This unprovoked flight and active attempt to escape gave law enforcement the legal right to pursue and briefly detain Bamigboye in order to identify him. His subsequent arrest after law enforcement confirmed his identity was lawful under 8 U.S.C. § 1357(a)(2) which grants officers the authority to make warrantless arrests of people in the U.S. unlawfully and likely to escape before a warrant can be obtained.

In regard to Bamigboye's statements, there is nothing in defendant's motion to show he unequivocally invoked his right to counsel. Here, Bamigboye's inquiries regarding the availability of counsel were not unambiguous requests to have an attorney present for

questioning. *See Davis v. United States*, 512 U.S. 452, 459 (1994) (ambiguous or equivocal request for counsel does not require cessation of questioning). Thus, there is no *Miranda* violation here. For purposes of the motions hearing, the United States will submit a recording of the interview with a copy of Bamigboye's signed *Miranda* waiver.

To the extent necessary, the United States requests post-hearing briefing for this motion.

### III. Conclusion

WHEREFORE, the government asks this Honorable Court to enter an Order consistent with the government's responses.

Dated:  May 29, 20266    Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

s/Bradley M. Endicott
BY: BRADLEY M. ENDICOTT
Assistant United States Attorney
600 U.S. Courthouse
300 S. 4th Street
Minneapolis, MN 55415
651-848-1921
Attorney reg: 349872
Bradley.Endicott@usdoj.gov